## M. O'CONNOR AND COMPANY *v.* O'CONNOR.

[No. 12,849.   Filed November 16, 1926.   Rehearing denied March 9, 1927.   Transfer denied July 17, 1928.]

*John W. Becker* and *Garrett W. Olds*, for appellant. *Lesh & Lowther*, for appellee.

PER CURIAM.—The appellee, the wife of one Joseph S. O'Connor, brought this action in the superior court of Marion county, Indiana, under the provisions of §8752 *et seq.* Burns 1926, alleging that her said husband had deserted her, that she was without means of support; that her said husband was the owner of a large amount of personal property, and that appellant was indebted to her said husband and had property belonging to him

under its control, etc. To this complaint the appellant filed its answer in general denial, and, upon the issues thus formed, the cause was tried, such trial resulting in a finding that appellant had the control of certain property, stock in M. O'Connor and Company, a corporation, which it was ordered to turn over to a receiver appointed by the court, and to which receiver certain directions were given, by the decree of the court, for the administering of said trust, and from which decree this appeal is prosecuted.

The appellee has moved to dismiss this appeal, assigning various grounds as the basis of such motion, but, in the view we take, only one of such grounds needs be considered.

The question which we consider is: Has the appellant any such interest in the said judgment, is it so affected thereby, that it may appeal therefrom?

The trial court found that said Joseph S. O'Connor, who was served by publication and duly called and defaulted, was the equitable owner of 675 shares of the common stock in appellant corporation, and the appellant was directed to issue to the receiver herein, appointed by the court, certificates of stock representing a portion of the stock so held and owned by said Joseph S. O'Connor.

Upon the trial of this cause, the appellant made no claim that it had or held any lien or claim against said stock, no property right therein, and it, therefore, necessarily follows that, under the issues as formed and tried below, and in the judgment rendered, the appellant is in no way aggrieved. We can readily conceive that, for the trial below, the issues might have been so formed as to present a question of property right, but that was not done, and we, therefore, conclude that the appellant

has no appealable interest in said judgment, and that said appeal should be dismissed.

Appeal dismissed.